UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TAMMY LEE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD. d/b/a
ROYAL CARIBBEAN GROUP, and
ONE SPA WORLD LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendants and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, TAMMY LEE, is a citizen of the state of Nevada.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. d/b/a ROYAL CARIBBEAN GROUP ("RCCL"), is a foreign entity incorporated under the laws of Liberia with its principal place of business in Miami, Florida.

3. Defendant, ONE SPA WORLD LLC ("One Spa World"), is a Florida entity with its principal place of business in Florida, and it was f/d/b/a Steiner Transocean Limited a/k/a Steiner.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5. At all times material hereto, Defendants, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Were engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

f. RCCL was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

6. At all times material hereto, Defendants are subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, the *Odyssey of the Seas* ("the vessel").

9. At all times material hereto, RCCL had exclusive custody and control of the vessel.

10. At all times material hereto, One Spa World owned and/or operated the spa aboard the vessel.

11. At all times material hereto, One Spa World was under the direction and control of RCCL and/or acted as the agent of RCCL, thereby rendering RCCL vicariously liable for the negligence of One Spa World and its employees.

- 2 -
LIPCON, MARGULIES & WINKLEMAN, P.A.

- 3 -

12. At all times material hereto, RCCL and/or One Spa World employed and controlled the employee at the spa involved in this incident (as referenced below).

13. At all times material hereto, the employee at the spa was also a borrowed servant of RCCL and/or One Spa World, as evidenced by factors that include, but are not limited to, the following:

   a. RCCL and/or One Spa World had control over the employee;

   b. RCCL and/or One Spa World were responsible for paying the employee;

   c. RCCL and/or One Spa World provided the facilities and equipment necessary for the performance of the employee's work; and/or

   d. RCCL and/or One Spa World had the right to terminate the employee's employment.

14. At all times material hereto, the employee at the spa was a member of the crew of the vessel and was acting in the course and scope of their employment.

15. On or about February 23, 2022, Plaintiff was a paying passenger aboard the vessel, which at all times material, RCCL operated in navigable waters.

## **Subject Incident**

16. On or about February 23, 2022, an employee at the spa assigned a locker for the Plaintiff that was too high for the Plaintiff.

17. As the Plaintiff was attempting to remove the items from the locker, the Plaintiff was unable to see inside the locker because the locker was too high for the Plaintiff.

18. There was a bench near the locker, and the Plaintiff reasonably believed that part of the reason the bench was in such location was because it was meant to be used as a form of a step stool.

19. The Plaintiff therefore attempted to use the bench to reach the locker and remove her items from such locker.

20. As the Plaintiff was standing on the bench, Plaintiff slipped and fell down, and as a result, Plaintiff sustained severe injuries.

## COUNT I – VICARIOUS LIABILITY AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. On or about February 23, 2022, an employee at the spa assigned a locker for the Plaintiff that was too high for the Plaintiff, and the employee gave Plaintiff a key to the assigned locker located at the top of the wall.

22. At all times material hereto, the employee at the spa was acting within the course and scope of their employment.

23. At all times material hereto, the employee at the spa was a member of the crew aboard the vessel, which was owned and/or operated by RCCL.

24. At all times material hereto, the employee who assigned the locker for the Plaintiff (a) was hired, retained and/or employed by RCCL, and/or (b) was a borrowed servant of RCCL.

25. At all times material hereto, the employee who assigned the locker for the Plaintiff (a) was hired, retained and/or employed by One World Spa, and/or (b) was a borrowed servant of One World Spa.

26. At all times material hereto, Defendants were and are vicariously liable for the tortious actions of its crewmembers/employees, including the employee at the spa.

27. As a direct and proximate result of the tortious actions of the employee at the spa, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries,

and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

### COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

29. On or about February 23, 2022, Defendants and/or their agents, servants, and/or employees breached their duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide reasonably safe and adequate stairs, ladders, and/or non-slip benches for passengers to use in order to reach the higher lockers in the subject area; and/or

   b. Failure to provide a locker at an adequate height for the Plaintiff to use at the spa locker room in a reasonably safe manner; and/or

   c. Failure to provide adequate means of reaching the higher lockers for all passengers; and/or

   d. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall; and/or

   e. Failure to properly mark the hazards in the area so as to adequately call passengers' attention to them; and/or

 f. Failure to correct hazardous conditions following other slipping and/or falling accidents previously occurring in the same area, and/or the same or similar type of hazardous and/or slippery benches.

30. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

31. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendants' knowledge of the foregoing condition(s) was specifically acquired through (a) their maintenance and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendants' passengers in the same or substantially similar area, and/or (c) the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Alternatively, the foregoing conditions were caused by Defendants' employee, such that Plaintiff is not required to plead Defendants' notice.

32. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

  **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

- 7 -

## COUNT III – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

34. At all times material hereto, it was the duty of Defendants to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

35. On or about February 23, 2022, the Plaintiff was in the spa locker room aboard the vessel, which is a place that Plaintiff was invited to by Defendants and a place Defendants reasonably expected Plaintiff to be in during the cruise.

36. On or about February 23, 2022, Defendants and/or their agents, servants, and/or employees breached their duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with using hazardous and/or slippery benches to reach the higher lockers; and/or

   b. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with being assigned a locker at the top of the wall in the subject area; and/or

   c. Failure to adequately warn the Plaintiff of the existence of slipping, falling, and/or hazardous conditions on the benches in the locker room; and/or

   d. Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring in the same area and/or manner; and/or

  e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around unmarked slipping and/or falling hazards, such as benches; and/or

  f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around the benches to prevent passengers from standing on them.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendants and/or their agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

38. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. Defendants' knowledge of the foregoing condition(s) was specifically acquired through (a) their maintenance and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendants' passengers in the same or substantially similar area, and/or (c) the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. Alternatively, the foregoing conditions were caused by Defendants' employee, such that Plaintiff is not required to plead Defendants' notice.

39. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

### COUNT IV – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

40. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

41. At all times material hereto, it was the duty of Defendants to maintain the vessel, including the spa and the spa locker room, in a reasonably safe condition.

42. On or about February 23, 2022, Defendants and/or their agents, servants, and/or employees breached their duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately inspect and maintain the spa locker room, including the benches, to determine whether it contained slipping and/or falling hazards; and/or

   b. Failure to maintain the subject bench in a manner that was not slippery and/or hazardous; and/or

   c. Failure to maintain the subject area with other accessible and available methods for passengers to access the higher lockers in a reasonably safe manner; and/or

   d. Failure to adequately inspect the area where Plaintiff's incident occurred for slipping and/or falling hazards; and/or

    e. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject area in a reasonably safe condition and maintained free of slipping and/or falling hazards.

43. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendants' failure to adequately inspect and/or maintain the subject area.

44. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendants' knowledge of the foregoing condition(s) was specifically acquired through (a) their cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendants' passengers in the same or substantially similar area, and/or (c) the foregoing conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  Alternatively, the foregoing conditions were caused by Defendants' employee, such that Plaintiff is not required to plead Defendants' notice.

45. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

Dated: January 27, 2023

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com